PD-0233-18
PD-0245-18

02-17-00125.CR
02-17-00126.CR

RECEIVED
FEB 2 3 2018
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

MARVIN BRIGHT THOMAS
APPELLANT
V.
STATE OF TEXAS
APPELLEE

COURT OF APPEALS
OF THE SECOND
DISTRICT OF TEXAS

MOTION OF APPELLANT FOR DISCRETIONARY REVIEW

HONORABLE JUDGES KERR, PITTMAN, SUDDERTH,

THE APPELLANT REQUESTS:

1. THE JUDGES TO GRANT THIS MOTION.
2. COPIES OF CONSECUTIVE COURT DOCUMENTS AND ANNOUNCEMENTS OF APPROACHING HEARINGS
   o AFTER THE "MEMORANDUM" OPINION AND JUDGEMENT" OF THE COURT OF APPEALS OF THE SECOND DISTRICT OF TEXAS

REASON TO GRANT

1. THE SUPERLATIVE MALSTROM OF ERRORS MIS-DIRECTED EXECUTIVES OF THE TRIAL AND APPEAL COURTS.
2. THE APPELLANT-CONSUL CONSTRAINED THE PRESENTMENT WITH SEVERITY. THE SOLITARY ANAMOLY WAS ONE [1] TYPO-GRAPHICAL ERROR.

   THIS DISCOVERY AND SOLUTION EXPENDED SEVEN [7] MONTHS OF SOLITARY CONFINEMENT.

3. THE HONORABLE JUDGES CURRENTLY DO NOT POSSESS A CIRCUMPOLAR PRESENTMENT.

   THIS PRESENTMENT WILL PERMIT AN UNDER-STANDING OF THE MALSTROM OF FACTUAL ERRORS, DUE PROCESS VIOLATIONS, PLEA-COERCION AND SUSPECT CONSUL-SERVICE IN PROPOR-TION TO STATE MINERATION.

4. THE MALSTROM OF ERRORS INCLUDES:

   4.1 THE CASCADE OF ANAMOLIES AND OMISSIONS IN A BRIEF MANIFEST.

   THE CASCADE OF ANAMOLIES GRAVITATED TO ECCENTRIC FACTUAL, SENTENCE AND PENALTY ERRORS.

   4.2 THE SUSPICIOUS AND INEXCUSABLE REFUSAL

1/27

**REQUEST FOR SERVICES**    DATE _____

PD-0830-09
PD-0830-09

CID # _____    DOB _____

FROM: _____    LOCATION _____
       PRINT YOUR NAME                    Floor/Tank/Pod/Cell

**TO:**    CIRCLE THE PERSON TO WHOM THIS REQUEST IS MADE

| T.D.C. DESK | UNIT CAPTAIN | WATCH COMMANDER |
|---|---|---|
| CHAPLAIN | LAW LIBRARY | FOOD |
| NOTARY | PROPERTY OFF. | COMMISSARY |
| BANK OFFICER | MAIL OFFICER | CLASSIFICATION |
| MEDICAL | | DENTAL |
| COURT DATE | CHARGE(S) | BOND |
| CASE NUMBER | FINE | RELEASE DATE |
| OTHER | | |

**WRITE REQUEST HERE:**

_____
_____
_____
_____
_____
_____
_____

**ACTION TAKEN:**        **CONTROL #**

_____

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 05 2018

Deana Williamson, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

MAR 07 2018

Deana Williamson, Clerk

**OFFICER**                              **DATE**

CFMT-5   GPC-0292   Rev. 8-96

OF THE TRIAL CONSUL TO CIRCUMSPECT THE PROTO-SET OF IGNORED-PIVOTAL EVIDENCE INTERFUSED WITH AN

3] UN-SOLICITED DEUTERO-SET OF IGNORED-PIVOTAL EVIDENCE THAT INTERCEDING BENEFACTORS EXPEDITED TO THE APPELLANT FOUR [4] MONTHS ANTECEDING THE TRIAL.

IT WAS OCCLUDED BY TRIAL AND APPELLANT CONSULS THEN COMPOUNDED BY

4] NUMERATED AMENDMENT 6 VIOLATIONS.

HISTORY

o SENT 'MOTION OF APPELLANT FOR RE-HEARING' TO JUDGE ELIZABETH KERR OF THE COURT OF APPEALS OF THE SECOND DISTRICT OF TEXAS ON 30 JANUARY 2018. MOTION WAS DENIED ON 8 FEBRUARY 2018.

o A COPY OF THE 'MEMORANDUM OPINION AND JUDGEMENT' FROM THE COURT OF APPEALS OF THE SECOND DISTRICT OF TEXAS EMANATED FROM APPELLANT-CONSUL LEIGH WARREN DAVIS ON 25 JANUARY 2018.

o THE FILE DATE AT THE COURT OF APPEALS WAS 18 JANUARY 2018 OR SEVEN [7] DAYS PRECEDENTARILY. REQUEST FOR COUNSEL EMANATED FROM THE APPELLANT ON 20 NOVEMBER 2017. CONSUL DID NOT RESPOND. COUNSEL REACHED A TERMINUS.

o APPELLATE-CONSUL RESPONDED ON 17 NOVEMBER 2017 TO THE COURT OF APPEALS WITH THE 'APPELLANTS RESPONSE TO THE STATE'S MOTION TO DISMISS APPEAL AS MOOT'.

o 'STATE'S FIRST MOTION FOR EXTENSION OF TIME TO FILE ITS BRIEF ON APPEAL' WAS GRANTED ON 15 NOVEMBER 2017.

o 'STATE'S MOTION TO DISMISS APPEALS AS MOOT' FOR CAUSE NUMBERS 1464244D AND 1464246D EMANATED ON 14 NOVEMBER 2017.

o 'STATE'S MOTION FOR NUNC PRO TUNC ORDER CORRECTING ORDER OF DEFERRED ADJUDICATION' WAS FILED ON 14 NOVEMBER 2017 BY THE COURT OF APPEALS [COA].

o 'STATE'S MOTION FOR NUNC PRO TUNC ORDER CORRECTING ORDER OF DEFERRED ADJUDICATION' EMANATED FROM THE 396TH DISTRICT COURT FOR TARRANT COUNTY, TEXAS ON 30 OCTOBER 2017.

o 'ORDER CORRECTING ORDER OF DEFERRED ADJUDICATION' FOR CASE 1464244D EMANATED FROM

# MOTION OF APPELLANT FOR DISCRETIONARY REVIEW
## 02.17.00125.CR.    02.17.00126.CR.

- JUDGE GEORGE GALLAGHER OF THE 396TH DISTRICT COURT ON 30 OCTOBER 2017.
- REQUEST FOR COUNSEL EMANATED FROM THE APPELLANT ON 27 OCTOBER 2017. CONSUL RESPONDED.
- 'STATE'S FIRST MOTION FOR EXTENSION OF TIME TO FILE IT'S BRIEF ON APPEAL' EMANATED ON 12 OCTOBER 2017.
- 'MOTION OF APPELLANT REQUESTING EXTENSION OF TIME' WAS DENIED ON 12 OCTOBER 2017 BY COA.
- 'MOTION OF APPELLANT REQUESTING REPLACEMENT OF COUNSEL' WAS DENIED BY THE COURT OF APPEALS ON 12 OCTOBER 2017.
- 'APPELLANT'S BRIEF' EMANATED FROM APPELLANT-CONSUL LEIGH WARREN DAVIS TO THE COURT OF APPEALS ON 15 SEPTEMBER 2017, APPELLANT RECIEVED A COPY ON 21 SEPTEMBER 2017.
- 'APPELLANT'S UN-OPPOSED MOTION TO VIEW THE SEALED RECORD AND UN-OPPOSED MOTION FOR EXTENSION OF TIME WAS GRANTED ON 12 JULY 2017 BY THE COURT OF APPEALS.
- 'APPELLANT'S UN-OPPOSED MOTION FOR VIEWING THE SEALED RECORD AND UN-OPPOSED MOTION FOR EXTENSION OF TIME' WAS RECIEVED FROM CONSUL ON 11 JULY 2017 BY THE COURT OF APPEALS.

- NO APPLICATION OR PETITION FOR DISCRETIONARY REVIEW IS FILED IN ANY COURT OR STATE.
- NO APPLICATION, PETITION OR APPEAL IS PENDING IN ANY STATE OR FEDERAL COURT.


## EXECUTIVE SUMMARY

THERE ARE TWO [2] SEALED RECORDS: 1] 14G4214D AND 2] 14G4246D.

PRESENTMENT 1. FACTS ATTEMPTING REVELATION.

## COERCION OF PLEA

- STATE ASSISTANT DISTRICT ATTORNEY [ADA] USED COERCION TO VIOLATE US BILL OF RIGHTS AMENDMENT [AM] 1 OR THE RIGHT OF FREE SPEECH OF THE DEFENDANT.
- FACTUAL ERRORS ARE SEALED INSIDE RECORD,
- 'ADA' AND TRIAL CONSUL [TC] DID NOT EXPECT THE DEFENDANT TO KNOW UBIQUITOUS USE OF VIDEO EVIDENCE IN CRIMINAL TRIALS OR
- THE TECHNIQUE THAT RENDERS ACCEPTABILITY [US SUPREME COURT].

3/27

# MOTION OF APPELLANT FOR DISCRETIONARY REVIEW
## 02.17.00125.CR.     02.17.00126.CR.

## MALSTROM OF ERRORS

- A MALSTROM IS NO COINCIDENCE.
- A PLEB-CONSUL WILL NOT CAUSE A MALSTROM.
- GREED, COLLABORATION, COLLUSION AND SABOTAGE CAUSE A MALSTROM.
- VIOLATED US BILL OF RIGHTS AMENDMENT [.AM] 1, 5, 6, 14.
- MANIFESTATION OF HIGH-VOLUME - LOW MARGIN BUSINESS MODEL SEEKING EQUILIBRIUM WITH $400-600 PER HOUR BILLING RATE OF THE LOW VOLUME-HIGH MARGIN FIRM.
- INSUFFICIENT BILLING HOURS FOR DUE PROCESS SABOTAGES CASES.

## BURIAL OF SABOTAGE

- DELIBERATE VIOLATION OF 'AM 1' RIGHT OF FREE SPEECH TO PREVENT RESURRECTION.
- UNREALISTIC CHOICE OF PARTIAL JURY AND HIGH PROBABILITY OF LOSS.
- REMAINING CHOICE OF TRIAL OBLITERATED 'AM 1' RIGHT OF FREE SPEECH.
- VIOLATION OF 'AM 1' IS PRECLUDED IF PROCEEDING IS LEGITIMATE.
- BINARY CHOICE IS OPPRESSION.

## PRESENTMENT 2. FACTS ATTENDING ENTRY

## EXONERATING EVIDENCE IGNORED

- SIX [6] SUBJECT MATTER EXPERTS [SME] ATTEMPTED TO SUBMIT EXONERATING - EVIDENCE.
- TC' BLOCKED AND IGNORED ALL SME'S
  - TWO [2] 40-YEAR INVESTIGATORS.
  - ONE [1] 40-YEAR ANALYST.

## BENEFACTORS DEFEND APPELLANT

- FOUR [4] MONTHS LATER DURING APPEAL BENEFACTORS ATTEMPTED TO RELIEVE APPELLANT.
- IGNORED AND PIVOTAL INFORMATION SOURCE 2 ARRIVED.
- UN-SOLICITED.
- ANALYSIS SUMMARY EXPEDITED TO [AC'] APPELLATE CONSUL.

## AC' VACATION AND CONVENTION

- RETURNED THEN SUBSEQUENTLY IGNORED THE

# MOTION OR APPELLANT FOR DISCRETIONARY REVIEW
## 02.17.0012S.CR.    02.17.0012G.CR.

'IGNORED AND PIVOTAL INFORMATION SOURCE 2'
ANALYSIS-SUMMARY.
- PREFERRED TO PURSUE FEE REMOVAL INCEPTED BY
  APPELLANT.

'IGNORED AND PIVOTAL INFORMATION SOURCE 2'

- A. BEHEMIC FACTUAL OMISSION.
- CAUSED CASCADE OF SENTENCE AND PENALTY ERRORS.
- DEFENDANT-LETTERS TO TC' URGED IMMEDIATE USE.
  - ADMISSIBLE EVIDENCE IN APPEAL.

AC' IGNORED EXONERATING EVIDENCE

- WILLINGLY, INTENTIONALLY DAMAGED APPELLANT.

COERCION OF PLEA IS ILLEGITIMATE

- US BILL OF RIGHTS AND STATUTES OF GOD STIPULATE
  EQUALITY OF MEN.
- PLEAS THAT X ACT RIGHTS ARE ILLEGITIMATE.
  - AMENDMENTS 1, 5, 6, 14 ARE VIOLATED.
  - RENDERS INEQUALITY.
  - ABRIDGES TRUTHS OF GOD AND NATION.

GOD AND US BILL OF RIGHTS ARE RESOLUTE

- NO MAN CAN DISPOSITION RIGHTS OR STATUTES OF GOD.
  - DISPOSITION IS THEFT [STATUTE 8]
- STATUTES HAVE DIRECT CONNECTION TO RIGHTS
  1, 5, 6, 14.
- GOD OWNS
  - STATUTES OF GOD,
  - HOLY SPIRIT,
  - ALL HUMAN SPIRITS, AND
  - CONNECTION TO RIGHTS.

RIGHTS EXTEND FROM STATUTES OF GOD.

- DIAMETRICALLY OPPOSE OPPRESSIONS.
- MOUNT ON TOP OF STATUTE.
- CORE STATUTE IS "LOVE ONE ANOTHER AS I LOVE YOU".
  - NEW COVENANT [JESUS CHRIST]
  - IMPLICIT EQUALITY
- CORE STATUTE ASSIMILATES 10 ORIGINAL STATUTES.
  - OLD COVENANT [GOD]
- RIGHTS ARE LIMITED-SCENARIO STATUTES OF GOD.
- STATUTES EXTEND TO RIGHTS 1, 5, 6, 14.

# MOTION OF APPELLANT FOR DISCRETIONARY REVIEW
## 02.17.0125.CR    02.17.0126.CR.

- INVERTED - RESPONSE TO OPPRESSION IN FRONT END
- UNREPAIRED - CONNECTION TO STATUTE IN BACK END.
- ILLEGAL - DISPOSITION BUT STATUTE RETAINS RIGHT.
  - RESULTING FOUNDATION - STATUTE OPPOSES OPPRESSION.
  - ROOT REMAINS EMBEDDED IN STATUTE OF GOD.

# STATUTES OF GOD REQUIRE OBEDIENCE

- IGNORANCE RESULTS IN ULTIMATE PERIL.
- "YOU SHALL NOT ADD TO THE WORD WHICH I COMMAND YOU, NOR TAKE FROM IT, THAT YOU MAY KEEP THE [STATUTES] OF THE LORD YOUR GOD" [DEU 4.2]

# PENALTY OR DISOBEDIENCE IS ULTIMATE.

- PROVEN

| | | |
|---|---|---|
| HISTORICALLY | | DEMONSTRABLY |
| REPEATEDLY | | NINE [9] NATIONS |
| DEVASTATINGLY | | SURROUNDING ISRAEL |

# STATUTES OF GOD ARE INTRINSIC IN HUMAN SPIRIT

- HOLY SPIRIT OF GOD KNOWS STATUTES.
- HOLY SPIRIT HAS DIRECT CONNECTION TO HUMAN SPIRIT.
  - PROOF. SMALL CHILDREN EXHIBIT INHERENT UNDERSTANDING OF RIGHT AND WRONG.
- HUMAN SPIRIT RETURNS TO GOD UPON PASSING.
  - "YOU WERE BOUGHT AT A PRICE, THEREFORE GLORIFY GOD IN YOUR BODY AND IN YOUR [HUMAN] SPIRIT, WHICH ARE GOD'S. [1 COR 6.19]

# HOLY SPIRIT EMBEDS STATUTES IN HUMAN SPIRIT

- TRANSFERS AT CONCEPTION.
- HUMAN SPIRIT PROGRESSES TOWARD DIVINE WISDOM IF FAITHFUL TO GOD.
  - "I WILL PUT MY LAW IN THEIR MINDS, AND WRITE IT ON THEIR HEARTS [HUMAN SPIRIT] AND I WILL BE THEIR GOD, AND [ISRAEL] SHALL BE MY PEOPLE, [JER 31.36]

6/27

MOTION OF APPELLANT FOR DISCRETIONARY REVIEW
02.17.60125.CR     02.17.60126.CR.

VIOLATION KEY

| | | |
|---|---|---|
| AM 1 | | FREE SPEECH |
| AM 5 | | DUE PROCESS OF LAW |
| AM 6.3 | | RIGHT TO CONFRONT WITNESSES AGAINST ACCUSED. |
| AM 6.4 | | COMPULSORY PROCESS OF OBTAINING WITNESSES IN FAVOR OF ACCUSED, |
| AM 6.5 | | RIGHT OF ASSISTANCE OF COUNSEL FOR DEFENSE OF ACCUSED. |
| AM 14.2 | | NO STATE SHALL DEPRIVE ANY PERSON OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW NOR DENY ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAW. |

(USBOR AMENDMENTS)

| | |
|---|---|
| MMA | MICHAEL MORTON ACT |
| | CONSEL MUST PROVIDE CASE FILES TO REVIEW ACCURACY AND COMPLETENESS. |
| TXA16 | TEXAS [CONSTITUTION STATUTE] ARTICLE 16.CR |
| | RIGHT TO EXAMINE EACH WITNESS IN THE PRESENCE OF THE ACCUSED. |
| AM6CC | [US BOR] AMENDMENT 6 CONFRONTATION CLAUSE |
| | RIGHT TO EXAMINE PROSECUTION WITNESSES AND DISPUTE WITNESS TESTIMONY INCLUDING OUT OF COURT STATEMENTS. |

7/27

MOTION OF APPELLANT FOR DISCRETIONARY REVIEW
02.17.0025.CR.   02.0026.CR.

SUMMARY

I   A PANTOMIME OF SUPERFICIAL-COUNSEL COMFORT-
ING WITH TRIAL AND APPEAL COURT MANIFESTS OF
REQUISITES.

VIOLATIONS
TC. AM 5, 63, 64, 65, 14.2, MRA, TXA16, AM6CC
AC. AM 5, 6, 5, 14.2

II   INSUFFICIENT BILLING-HOURS SABOTAGED CASES.

TC   ALL
AC   AM 5, 6.5, 04.2.
$3000 STATE-MUNERATION AND LOW VOLUME-HIGH
MARGIN EQUILIBRIUM BILLING-RANGE COMPRES-
SED BILLING-HOURS INTO INSUFFICIENT 6-8
HOUR RANGE.

TC   ALL
TC' HID BEHIND A VIRTUAL SIEGE-WALL TO NEG-
OTIATE PENALTY-REDUCTION DEALS THAT
MATCH BILLING-HOURS.

THE RESULT IS A CONVICTION RATE THAT GREW TO
97% AS CONSULS SABOTAGE CASES, ENFORCE-
MENT FLOODS COURTS WITH ARRESTS TO
MATCH THEIR EXPENSE LINE ITEM AND PRISON
CORPORATION ASSETS SWELL FROM FEDERAL
MUNERATION. [US DOJ]

1   CONSULS NOTABLE TO CAPITALIZE EXONERAT-
ING INFORMATION.

TC   ALL
AC   5, 65, 14.2
OFFERING 1 MATERIALIZED DURING APPEAL.
EXASPERATED-BENEFACTORS ACTED TO
RELIEVE THE DEFENDANT-APPELLANT.

A PIVOTAL OPPORTUNITY FOR REVERSAL, RE-
TRIAL OR REDUCTION OF FACTUAL ERROR WAS
SQUANDERED BY TWO [2] EXPERIENCED
CONSULS.

2   CONSULS IGNORED KNOWLEDGE TRANSFER.

TC   ALL
AC   5, 6.5, 14.2
THE INTENTION OF THE TRANSFER FROM DEF-
ENDANT-APPELLANT AND BME'S WAS TO

IDENTIFY OPPORTUNITIES FOR SUCCESS. BOTH CONSULS IGNORED THE DEFENDANT-APPELLANT AND SME'S.

THE PERCEPTION FROM OUTSIDE THE SIEGE WALL WAS THE CONSULS WERE NOT PURSUING THE OBJECTIVE OF THE DEFENDANT-APPELLANT. CONSUL INSTEAD PURSUED THE SUPERFICIAL AND INSUBORDINATION.

THE CONSUL SERVICE OF DUE PROCESS OF LAW WAS ETHEREAL.

**[4]** COERCED PLEA IS ILLEGITIMATE

TC 1, 5, 6, 5, 14, 2
THE OPTIONS WERE NOMINAL. OPTION 1 WAS A HOPELESS AND PARTIAL JURY. OPTION 2 WAS TO PERMIT THE STATE TO TAKE MY RIGHT OF FREE SPEECH; OPTION 2 IS NOT LEGITIMATE. NO MAN CAN REMOVE OUR RIGHTS ACCORDING TO THE US BILL OF RIGHTS.

AM 1, 5, 6, 14 ARE UNITED-SCENARIO EXTENSIONS OF THE STATUTES OF GOD. NO MAN CAN DISPOSITION A STATUTE OF GOD.

CONSEL WAS MOMENTARY, EPHEMERAL AND OBFUSCATING MERE MOMENTS BEFORE SENTENCING. DUE PROCESS WAS ETHEREAL.

**[2]** DESOLATION FROM DUE PROCESS UNTIL MOMENTS BEFORE TRIAL AND APPEAL-SUBMITTAL.

VIOLATIONS
TC  ALL.
AC  ALL.

**[21]** CONSULS REFUSED TO DECLARE STRATEGY

TC  5, 6, 5, 14, 2
AC  5, 6, 5, 14, 2
DEFENDANT-APPELLANT INQUIRED IN NUMERATED LETTERS REGARDING SPECIFICATION OF STRATEGY AND TACTICS.

CONSULS WERE INSUBORDINATE. CONSULS DISGUISED THEIR INTEREST FOR NINE [9] MONTHS UNTIL THE LAST MOMENT BEFORE TRIAL AND APPEAL SUBMITTAL.

ACTUAL STRATEGY WAS MAXIMIZE VOLUME OF BILLING-CASES AT STATE LOW-MARGIN ENUMERATION RATE, PROVIDE ETHEREAL DUE PROCESS AND REDUCE PENALTY.

CONSUL DID NOT INTEND TO WIN. FREEDOM OF THE DEFENDANT-APPELLANT WAS VIEWED WITH INDIFFERENCE AND DEFERENCE. THIS DIS-SERVICE WAS SABOTAGE.

22  CONSUL REFUSE TO CAPITALIZE EXONERATING INFO

TC  ALL
AC  ALL
THE TC IGNORED FIVE [5] SME'S. THE IGNORED AND PIVOTAL INFORMATION SOURCE WAS AVAILABLE. THE TC IGNORED THE SMES AND DEFENDANT

THE REASON WAS THE HIGH VOLUME-LOW MARGIN BUSINESS MODEL AND 6-8 BILLING-HOURS PER CASE. THERE IS NO TIME. IDENTIFYING WEAK-NESSES OF PLAINTIFFS OR WITNESSES, OR ANALYSIS OF STATEMENTS, ARE EXCLUSIVE.

THE SME'S SENT AN EXPERT ANALYSIS OF THE EXONERATING INFORMATION WITH SUMMARY, THE AC REACTED WITH INDIFFERENCE AND DEFERENCE WHEN AN INNOCENT MAN RE-MAINS TRAPPED IN A PRISON FOR 1.5 YEARS.

THIS IS ORGANIZED CRIME AT ANY COST TO HUMAN LIFE.

THE ABSENSE OF THE PIVOTAL EXONERATING FACTS SKEWED SENTENCE AND PENALTY ERRORS INTO AN EXCESSIVE QUADRANT.

THE AC HID BEHIND A SIEGE WALL FOR NINE [9] MONTHS, EXECUTION OF A PIVOTAL ACTION WAS DIMINISHED OR UNDETECTABLE. THE APPELLANT REMAINED ECLIPSED, COUNSEL WAS FRACTIONAL OR NON-EXISTANT. CONSUL STUFFED HIS PIPE-LINE.

THE AC STALLED UNTIL THE LAST MOMENT BEFORE SUBMISSION OF BRIEF TO ANNOUNCE INSUB-ORDINATION

3 CIRCUMVALENT BARRIER OF CONSUL IGNORANCE
VIOLATIONS

TC 5, 6.3, 6.5, 14.2
AC 5, 6.3, 6.5, 14.2

31 NO APPARENT OBJECTIVE TO WIN

TC 5, 6.3 6.5, 14.2
AC 5, 6.3 6.5, 14.2

THE COURTROOM BATTLEFIELD IS BINARY.
THE CONSUL THAT DOES NOT INTEND TO WIN
INTENDS TO LOSE.

CONSECUTIVE CONSULS WITH THE SAME BE-
HAVIOR IS NO COINCIDENCE.

CONSULS ERECTED A SIEGE WALL TO CONCEAL
STRATEGY, TACTICS AND IN PROGRESS. THE
SIEGE WALL COMBINED WITH THE CONSTRICT-
IVE ENVIRONMENT RESULTED IN AN ECLIPSE
OF DEFENDANT-APPELLANT AND SME'S.

THE TC IGNORED EXONERATING INFORMATION.
IT REMAINED ON THE SHELF FOR 13 MONTHS.
EXASPERATED-SME'S EXPEDITED AN ANALY-
SIS-SUMMARY TO THE AC. THE AC IGNORED IT.

o INTENTIONAL ECLIPSE OF DEFENDANT-APPELLANT

CONSULS COMBINED THE SIEGE WALL WITH
THE CONSTRICTIVE ENVIRONMENT TO ECLIPSE
THE DEFENDANT-APPELLANT AND SME'S.

CONDUCTED AN ILLUSORY MEETING TO ACCOMP-
LISH AN APPEAL COUNT REQUISITE FOR MUNERATION.

o COVERT CONFLICT OF INTEREST

CONSULS DID NOT REVEAL CONFLICTING INTER-
ESTS. THE SIEGE WALL CONCEALED INSUBORD-
INATION UNTIL THE LAST MOMENT PRECEEDING
TRIAL OR SUBMISSION OF APPEAL.

THE PLAN WAS TO CAPTURE STATE MUNERATION THEN
SUBORDINATE BEHIND THE SIEGE WALL FOR THE
DURATION. THE RESULT WAS MUNERATION FOR
THE SUBORDINATE. THE DEFENDANT-APPELLANT
DID NOT ACHIEVE OBJECTIVE.

THIS IS NOT DUE PROCESS. IT IS ORGANIZED GREED.

THE COVERT OBJECTIVE OF THE CONSULS WAS STATE-MULNERATION AND REMAINING APPROVED FOR MULNERATION AT ANY COST OF THE FREEDOM OF THE DEFENDANT-APPELLANT.

THE CONSULS WERE INDIFFERENT AND DEFERENTIAL REGARDING FREEDOM AND VICTORY. COUNSEL WAS DIMINUATED, MOMENTARY, EPHEMERAL AND OBFUSCATING IN THE MOMENTS PRECEDING TRIAL AND SUBMISSION OF APPEAL WHEN CHANGE OF APPROACH WAS IMPOSSIBLE.

THE TC PROMISED THE SAME RESULT FOR BOTH CASES. THE RESULT WAS PARADOXIC. TWO [2] YEARS OF PROBATION TRANSFORMED INTO THREE [3] YEARS OF PRISON.

THE CONSULS FAILED SUFFERABLY TO CAPITALIZE THE IGNORED AND PIVOTAL INFORMATION SOURCE. THE RESULT WAS:

o    PLANTIFF AND WITNESS EXAMINATION THAT PROVIDED NOMINAL VALUE IF IT OCCURRED, AND
o    NO ORDER IN APPEAL COURT FOR REVERSAL OR RE-TRIAL

4] MALSTROM OF ERRORS

VIOLATIONS
TC    5, 6.4, 6.5, 14.2, TXA16, AM6CC
AC    5, 6.4, 6.5, 14.2

4.1 COMPLICIT ABUSE OF DISCRETION

TC    5, 6.4, 6.5, 14.2, TXA16, AM6CC

o    TC FAILED TO STOP THE ADA FROM DENYING 100% OF DEFENDANT-EVIDENCE.
o    INEXPLICABLY FAILED TO REQUEST A CRIMINAL INVESTIGATOR TO ANALYZE THE TRAFFIC CAMERA VIDEO.
o    INEXPLICABLY IGNORED THE RULING OF THE US SUPREME COURT: "IT IS AN ABUSE OF DISCRETION TO DENY USE OF PUBLIC VIDEO IF PROPERLY PRESENTED IN CRIMINAL CASES."
o    TC IGNORED THE DEFENDANT WHO STIPULATED. THE BUSTER MASK TECHNIQUE IS UBIQUITOUS IN LEGAL PRESENTATION.
o    TC IGNORED THE DEFENDANT WHO STIPULATED. VIDEO EXPERTS WITH THIS ABILITY ARE AVAILABLE. THE DEFENDANT SPECIFIED THE

INTERNET SITE.

o   TWO[2] EXPERIENCED CONSULS THAT DO NOT KNOW A U.S. SUPREME COURT RULING IS NO COINCIDENCE.

47]   SUSPICIOUSLY INADEQUATE REPRESENTATION

TC   5,6,5,14,2
AC   5,6,5,14,2

O   THE DEFENDANT WAS ECLIPSED FROM ALL BUT ONE[1] LEGAL PROCEEDING OVER THE NINE [9] MONTHS BY THE TC.

THE TC STORED THE DEFENDANT IN A CRAMPED CATTLE-PEN IMMEDIATELY BEHIND THE JUDGE.

O   THE DEFENDANT WITNESSED ONE[1] LEGAL PROCEEDING. THE SENTENCING DURATION WAS A DIMINUATED FEW MINUTES. THE PLEA WAS COERCED.

THE DEFENDANT UTTERED ONE[1] VIRTUALLY IMPERCEPTABLE WORD AFTER A WORLD-RECORD DELAY OF PRETENSIVE SILENCE. THE DEFENDANT WAS NOT ABLE TO PRONOUNCE THE WORD

THE OPTIONS WERE BINARY, THE CHOICE WAS SOLITARY. THE DEFENDANT COULD CHOOSE A HOPELESSLY-PARTIAL JURY AND CONDEMNATION OR AN OPPRESSED-LOSS OF RIGHTS.

THE COERCED-PLEA WAS THE SOLITARY CHOICE.

O   THE APPELLANT SENT TWO[2] LETTERS TO THE AC ON THE LAST DAY OF TRIAL WITH DETAILS OF THE INCIDENT AND A SUGGESTION TO USE THE VIDEO IN LEGAL PRESENTATION MODE.

THE AC IGNORED THE APPELLANT. THE AC RETURNED THE LETTERS SO THEY WOULD NOT RESIDE IN THE CASE FILE. 10 LETTERS WERE RETURNED TO THE APPELLANT.

5]   GRAVITATION TO ECCENTRIC FACTUAL ERROR

VIOLATIONS
TC   ALL.
AC   ALL EXCLUDING TXA16, AM6CC.

51]   APPALLING SENTENCE AND PENALTY SKEW

TC   ALL.
AC   ALL EXCLUDING TXA16, AM6CC.

AN ENIGMATIC DELIVERY ARRIVED DURING MONTHS OF THE APPEAL. EXASPERATED BENEFACTORS EXPEDITED THE IGNORED AND PIVOTAL INFORMATION SOURCE Z' TO THE APPELLANT INSTEAD OF THE COUNSEL AS IN TRIAL PHASE.

THE APPELLANT EXPEDITED THE ANALYSIS SUMMARY TO THE AC'. IT ARRIVED IMMEDIATELY BEFORE THE AC' RETURNED FROM VACATION AND CONVENTION.

THE EXONERATING INFORMATION SHOULD HAVE RENDERED FREEDOM. THE AC' IGNORED IT

○ THE APPELLANT INQUIRED IF THE AC' WILL SEND A BRIEF OF THE DEVELOPMENT, THE AC' REFUSED TO NOTIFY THE EXECUTIVES OF EITHER COURT.

○ THE TC' IGNORED THE IGNORED AND PIVOTAL INFORMATION SOURCE Z'. THE OMISSION OF THE PIVOTAL KNOWLEDGE CAUSED ENORMOUS FACTUAL ERROR. EXAMINATION OF PLAINTIFFS AND WITNESSES, IF THAT OCCURRED, RENDERED NOMINAL RESULTS WHEN THE TC' POSSESSED NO DATA OR INFORMATION.

VERIFICATION IS IMPOSSIBLE IF THE TC' DID NOT KNOW THE ANSWERS, FACTUAL ERROR CASCADED TO SENTENCE AND PENALTY ERRORS. ECCENTRICITY WAS IN THE 300-400% RANGE.

○ THE JUDGE DID NOT LEARN THE EXONERATING INFORMATION SINCE THE TC' IGNORED IT. FACTUAL ERROR EXPONENTIATED IN FAVOR OF THE PLAINTIFFS DUE TO SABOTAGE OF THE TC'.

○ THE DEFENDANT-APPELLANT NEVER SAW THE CASE FILES OR VERIFIED THE DISINGENUITY OF PLAINTIFF AND WITNESS STATEMENTS, THIS OMISSION EXACERBATED FACTUAL ERROR.

MOTION OF APPELLANT FOR DISCRETIONARY REVIEW
02.17.0025.CR.    02.17.0026.CR.

MALSTROM OF ERRORS
BLATANT VIOLATIONS OF AMENDMENT 1, 5, 6, 14

1    MICHAEL MORTON ACT

Violations
      TC   ALL, EXCEPT I.
      AC   ALL, EXCEPT I.

o   THE DEFENDANT REQUESTED PROVISION OF THE
    CASE FILE. THE INSTANTIATIONS ARE NUMER-
    ATED. THE TC IGNORED THE DEFENDANT FOR
    NINE [9] MONTHS. COPIES ARE AVAILABLE.

o   THE DEFENDANT NEVER HAD THE OPPORTUNITY TO
    REVIEW THE ACCURACY, COMPLETENESS, PROSECU-
    TOR NOTES, INTERVIEWS AND DISCOVERIES.
    THIS IS A 'LEGAL TRIAL PROCEEDING' VIOLATION.

o   THE APPELLANT REQUESTED PROVISION OF THE
    CASE FILE. THE INSTANTIATIONS ARE NUMER-
    ATED. THE AC IGNORED THE APPELLANT FOR
    10 MONTHS. COPIES ARE AVAILABLE.

    THIS IS A 'LEGAL APPEAL PROCEEDING' VIOLATION

o   20 MONTHS AFTER INCEPTION OF LEGAL PRO-
    CEEDINGS, THE DEFENDANT-APPELLANT HAS
    NEVER SEEN THE CASE FILE. THERE IS CAUSE
    FOR DOUBT THAT A SUBSTANTIAL CASE-FILE
    EXISTS,

o   THIS VIOLATION IS NOT HARMLESS, IT IS EXCEPT-
    IONAL AND EGREGIOUS. THE INCIDENT EXPERT
    IS THE DEFENDANT. THE DEFENDANT KNOWS
    THE VERACITY OF THE INTELLIGENCE BUT ONLY IF
    THE TC PROVIDES THE CASE-FILE.

o   THE TC CAN NOT FUNCTION IN PROCEEDINGS IN-
    CLUDING VITAL EXAMINATIONS OF PLAINTIFFS AND
    WITNESSES WITHOUT INTELLIGENCE VERIFICATION.
    VERIFICATION NEVER OCCURRED. THERE IS CAUSE
    FOR DOUBT THAT AGGRESSIVE EXAMINATIONS
    WERE POSSIBLE OR OCCURRED,

o   THE TC MAINTAINED AN ECLIPSE OF ALL PROCEED-
    INGS AND RESULTS WERE SUPERFICIAL.

o   THE ENORMITY OF UN-CHALLENGED EXPOSURE
    AND UN-DISCOVERED DAMAGE THAT WAS UN-REAL-
    IZED BY A 6-8 HOUR CONSUL IS A FOUNDATION FOR

15/27

REVERSAL, THE DESTRUCTIVE DAMAGE REVERBERATES THROUGH ALL PROCEEDINGS. THE GRAVITATION OF FACTUAL DAMAGE ACCELERATES THROUGH SENTENCING DAMAGE TO SUBSEQUENT PENALTY DAMAGE.

THIS DAMAGE IS DELIBERATE SABOTAGE.

2] TEXAS [CONSTITUTION STATUTE] ARTICLE 16.08

VIOLATIONS
TC    ALL, EXCEPT 1, MMA
AC    ALL, EXCEPT 1, MMA

O   THE DEFENDANT NEVER SAW A PLAINTIFF OR WITNESS OF THE PROSECUTION OR WITNESSED AN EXAMINATION OF A PLAINTIFF OR WITNESS OF THE PROSECUTION OR HAD THE OPPORTUNITY TO DISPUTE INTRA OR EXTRA COURT TESTIMONY AND STATEMENTS

O   THE IGNORED AND PIVOTAL INFORMATION SOURCE 2 WAS ENIGMATICALLY RECIEVED FROM EXASPERATED-BENEFACTORS DURING MONTH 4 OF THE APPEAL.

THE AC IGNORED THE EXPEDITED ANALYSIS SUMMARY REGARDLESS OF THE EXONERATING PROOF UPON RETURN FROM VACATION AND CONVENTION.

O   THE SOLITARY VISUALIZATION OF A PLAINTIFF OCCURRED SECONDS BEFORE SENTENCING WHEN THE PLAINTIFF WITH PINK AND GREEN BLOCKS CUT INTO THE HAIR PROVIDED A HYPERBOLIC DISINGENUOUS-SUMMARY.

THE TC DID NOT CESSATE THE INTENTIONAL DAMAGE.

O   THE EXPENSE OF THE INCREDULOUS DAMAGE WAS 300-400% INCREASE IN SENTENCE AND PENALTY TO THREE [3] YEARS IN PRISON INSTEAD OF PROBATION. THE TRANSCRIPT IS AVAILABLE.

O   THE ASSASSINATION INCIDENT EMPHASIZED THE INEPT INADEQUATE-REPRESENTATION AND OBLITERATED EQUAL PROTECTION OF DUE PROCESS OF THE LAW. IT PERMEATED THE TRIAL AND APPEAL SUBSEQUENTLY OVER-FLOWING A

16/27

DEBRIS FIELD OF BURIED SABOTAGE.

**3  AMENDMENT 6 CONFRONTATION CLAUSE**

VIOLATIONS

TC   ALL EXCEPT AM'I, MMA

AC   ALL EXCEPT AM'I, MMA

o   THE TC ERECTED THE SIEGE WALL IMMEDIATELY.

- o   IGNORED DEFENDANT AND SME'S IMMEDIATELY.
- o   DEFENDANT AND SME'S URGED THE TC TO USE IGNORED AND PIVOTAL INFORMATION SOURCE I TO EXONERATE.
- o   THE TC IGNORED THE EXONERATION INFORMATION.
- o   TC IGNORED THE REQUIRING ATTEMPTS TO PROVIDE THE EXONERATING INFORMATION
- o   THE EXONERATING INFORMATION EXPOSED PLAINTIFF DISINGENUITY AND BOOT DAMAGE FROM THEIR ATTACK ON THE SIDE OF THE WHITE CAR.

o   TRAFFIC CAMERA VIDEO WAS THE VIRTUAL WITNESS

- o   AT CLOSE RANGE IN FIELD OF VIEW.
- o   A DEFINITE EXONERATER.

o   FIRST ADA ATTACK WAS DENIAL OF VIDEO.
- o   IGNORE US SUPREME COURT RULING.
- o   RENDERED DEFENSELESS DEFENDANT.
- o   TC WAS COMPLICIT AS ANCILLARY ADA.

o   DEFENDANT INFORMED TC OF BUSTER MASK

- o   US RIGTOUS TECHNIQUE IN CRIMINAL CASES ACROSS THE NATION.
- o   INFORMED LOCATION OF VIDEO EXPERTS WITH THIS TECHNIQUE.

o   TC IGNORED DEFENDANT UNTIL ROLL-OFF
- o   STORAGE COMPUTERS OVER-WRITE AT SIX [6] MONTHS.

o   US SUPREME COURT RULED "ABUSE OF DISCRETION TO DENY USE OF PROPERLY PRESENTED PUBLIC VIDEO IN CRIMINAL CASE."

- o   A PRUDENT CITIZEN WILL CONSIDER IF IT IS PROBABLE THAT TWO [2] EXPERIENCED CONSULS HAVE NO KNOWLEDGE OF A US SUPREME COURT RULING
- o   THE APPEARANCE IS COLLUSION.
- o   NOT A COINCIDENCE.

- A PRUDENT CITIZEN WILL CONSIDER THE REASON THAT AN EXPERIENCED POLICE INVESTIGATOR DID NOT VERIFY USING CITY TRAFFIC CAMERA VIDEO PRIOR TO CHARGING WITH 50% OF TESTIMONY.
- APPEARANCE IS PREJUDICIAL-SENTENCE

- PROBABILITY OF COLLISION IS HIGH
- IF STATE WANTED TO LIMIT EXPENSE WITH TECHNICAL KNOCK OUT IN ROUND 1.
- IF TC POSSESSED 6-8 HOURS TO CLOSE THE CASE IN PROFIT MARGIN.

- TC DOOMED THE DEFENDANT LIKE A DA.
- DENIED AM 6.4 COMPULSORY PROCESS OF OBTAINING WITNESSES IN HIS FAVOR

4 | SUSPICIOUSLY-INADEQUATE REPRESENTATION

VIOLATIONS
TC    ALL
AC    1, 5, 6.5, 14.2, MMA

- PLEB-CONSULS DO NOT ERR WITH THIS MAGNITUDE,
- THE PRESENTMENT IS SUSPECT.

- NUMERATED-VIOLATIONS IMPLIES COLLAPSE OF FREEDOM OF THE DEFENDANT IN FAVOR OF
- STATE CONVICTION-STATISTICS AT ANY COST,
- STATE MILNERATION AND COLLUSION,
- EQUILIBRIUM WITH LOW VOLUME - HIGH MARGIN [$400-600 PER HOUR] FIRMS, WITHIN A JUDICIAL SYSTEM IN DIRE-NEED OF REFORM.

- THE RESULT IS SABOTAGE OF CASES.
- DISINGENIOUS DISGUISE OF PENALTY-REDUCTION OBJECTIVE IS OCCURRING.
- THE EXPENSE OF THE COLLISION BETWEEN HIGH VOLUME-LOW MARGIN AND LOW-VOLUME -HIGH MARGIN FIRMS IS OPPRESSION

- PENALTY-REDUCTION OBJECTIVE MATCHES 6-8 HOURS
- HIGH VOLUME-LOW MARGIN FIRM CALCULUS PERMITS THE INSUFFICIENT BILLING-HOURS PER CASE RESPECTIVE TO THE LOW VOLUME-HIGH MARGIN [$400-600] BILLING-RATE.

- THE BATTLEFIELD OF THE COURTROOM IS BINARY. THE CONSUL THAT DOES NOT INTEND TO WIN INTENDS

TO LOSE.

- O  THREE [3] PERCENT OF PRISONERS RESTORE FREEDOM.
- O  THE 97% CONVICTION RATE VALIDATES THE INSUFFICIENCY OF 6-8 BILLING HOURS TO PROVE INNOCENSE.

## SUSPICIOUSLY-INADEQUATE REPRESENTATION

**1** NO PROVISION OF CASE FILES

VIOLATIONS
TC  5, 6.3, 6.5, 14.2, MMA, TXA16, AM6CC
AC  AM 5, 6.5, 14.2, MMA

- O  WRITTEN-REQUESTS WERE NUMERATED, RESPONSE WAS DEFERENTIAL, INDIFFERENT AND NON-EXISTANT. VIOLATION WAS INTENTIONAL

**2** SUPERFICIAL INVESTIGATION OF THE CASES

VIOLATIONS
TC  AM 5, 6.3, 6A, 6.5, 14.2, TXA16, AM6CC.
AC  AM 5, 6.5, 14.2

- O  FAILED TO CAPITALIZE EXONERATING INFORMATION IN "IGNORED AND PIVOTAL INFORMATION SOURCE 2".

- O  INVESTIGATION WAS PERVASIVELY SUPERFICIAL, MATERIAL OPPORTUNITIES WERE LOST TO DISCREDIT PLAINTIFFS AND WITNESSES:
  - O  TRAFFIC CAMERA VIDEO.
  - O  ATTACK ON SIDE OF WHITE CAR.
  - O  NON-DISCLOSURE OF DISINGENUOUS-INJURIES.
  - O  INCREDULOUS MEDICAL REPORTS.
    - O  PRECEDENTARY AND ANTECEDENTARY.
  - O  VERBAL STATEMENTS
    - O  HOSPITAL STAFF
    - O  INSURANCE CLAIM REPS
  - O  INCREDULOUS MEDICAL CLAIMS.

**3** NO AGGRESSIVE CROSS EXAMINATION

VIOLATIONS
TC  AM 5, 6.3, 6.5, 14.2, TXA16, AM6CC
AC  -

- O  EXAMINATION DID NOT OCCUR. TC IGNORED

19/27

THE 'IGNORED AND PIVOTAL INFORMATION SOURCE i' AND 2. 'TC' POSSESSED NO EXONERATING KNOWLEDGE TO SUPPORT A SUBSTANTIAL EXAMINATION.

O  'TC' FAILURE WAS INDIFFERENT, DEFERENTIAL AND ABSOLUTE.

4  NO EXPLOITATION OF TRUTH-DETECTION ANALYSIS.

VIOLATIONS
TC  AM 5, 6.3, 6.5, 14.2, TXA16, AM6CC.
AC  —

O  THIS ANALYSIS DID NOT OCCUR. 'TC' IGNORED THE 'IGNORED AND PIVOTAL INFORMATION SOURCE i' AND 2. THE 'TC' HAD NO KNOWLEDGE BASE FOR SUBSTANTIAL INQUIRIES.

O  THIS EXPLOIT WAS AN ENORMOUS LOSS. THE PLAINTIFFS WERE DISINGENUOUS AND INCREDULOUS. NUMERATED DISCREDITS WERE LOST. THE 'TC' WAS INEPT.

O  OPPORTUNITIES WERE RICH. THE 'TC' INTENDED TO LOSE. THE 'TC' RESPONSE WAS INDIFFERENT, DEFERENTIAL AND DEPLORABLE.

5  COVERT CONFLICT OF INTEREST

VIOLATIONS
TC  ALL EXCEPT AM6.2
AC  AM 5, 6.5, 14.2, MMA

O  CONSULS IGNORED DEFENDANT-APPELLANT WITH CIRCUMVALENT BARRIER OF CONSUL IGNORANCE. CONSULS HID BEHIND THE SIEGE WALL, CONFLICT WAS NOT DETECTABLE.

O  THE STATE-ULNERATION WAS CAPTURED REGARDLESS OF DEFENDANT-APPELLANT OBJECTIVE. THE ECLIPSE WAS MAINTAINED UNTIL THE LAST MOMENT BEFORE TRIAL OR SUBMISSION OR APPEAL WHEN CHANGE OF FAITH WAS IMPOSSIBLE.

O  INSUBORDINATE CONSULS WERE INDIFFERENT AND DEFERENTIAL REGARDING THE OBJECTIVE OF THE DEFENDANT-APPELLANT.

20/27

6 | COLLABORATION AND DIALOGUE WERE SUPERFICIAL

VIOLATIONS

TC  ALL,
AC  AM'S 5, 6.5, 14.2

O  INFORMATION EMANENCE WAS RARE IN THE FORM
OF A COURT DOCUMENT OR AN INFORMATION
PRODUCT AT INCEPTION. DOOMED THE CASES.

O  INGUIRY WAS IGNORED. COLLABORATION AND
DIALOGUE FAILURE IS AN ACCURATE DESCRIPTION.

O  THE SIEGE WALL ECLIPSED ALL UNDERSTANDING
OF STRATEGY AND TACTICS FOR THE ENTIRE
NINE [9] MONTH DURATION. KNOWLEDGE TRANS
FER TO THE CONSULS WAS IGNORED.

7 | INEPT DAMAGE-MANAGEMENT

VIOLATIONS

TC  ALL,
AC  AM'S 5, 6.5, 14.2

O  THE REFUSAL OF KNOWLEDGE TRANSFER
DOOMED DAMAGE-MANAGEMENT. CONSULS
COULD NOT IDENTIFY OPPORTUNITIES OR
DEFEND THREATS WITH NO KNOWLEDGE
BASE. OPPORTUNITIES ETHERIALIZED.

O  A PLAINTIFF DECIDED TO DAMAGE THE DEF
ENDANT DURING THE LAST 30 SECONDS OF
SENTENCING. THE TC DID NOT KNOW THE
STRONG OR HYPERBOLIC DISINGENUOSITIES
EMANATING FROM THIS MALEVOLENCE. THE
TC WAS IMPOTENT.

8 | INDIFFERENT INVESTIGATORY-CIRCUMSPECTION

VIOLATIONS
TC  ALL,
AC  AM'S 5, 6.5, 14.2

O  THE MOST SEVERE ERROR WAS NOT REQ-
UESTING A CRIMINAL INVESTIGATOR TO ANAL-
YZE THE TRAFFIC CAMERA VIDEO. THIS ERROR
DOOMED THE CASES.

O  THE DEFENDANT-APPELLANT PROVIDED EXPERT
DESCRIPTIONS OF THE INCIDENT TO EXPEDITE
A THOROUGH INVESTIGATION AND COGNITION.

21/27

O KNOWLEDGE TRANSFER TO CONSULS WAS TREATED WITH INDIFFERENCE AND DEFERENCE AS INSUBORDINATE CONSULS PERFORMED SUPERFICIAL INVESTIGATION CAUSED BY ABSENCE OF A KNOWLEDGE BASE THIS IGNORANCE WAS SABOTAGE.

9 NO INCLUSION OF SUPPORTING-WITNESSES.

VIOLATIONS
TC ALL EXCEPT AM 1.
AC AM'S, 6.5, i4.2.

O CONSULS IGNORED TWO [2] 40-YEAR INVESTIGATORS AND A 40-YEAR ANALYST. THEY POSSESSED PROOF THAT THE WHITE CAR WAS ATTACKED BY DISINGENUOUS AND INCREDULOUS PLAINTIFFS. THE TC IGNORED REQUESTS FROM THE DEFENDANT TO REQUEST ANALYSIS OF THE TRAFFIC CAMERA VIDEO BY A CRIMINAL INVESTIGATOR. THERE WAS NO TRUTH ANALYSIS.

O THE TC DOOMED THE CASES BY IGNORING THE SME'S. SME'S POSSESSED EXONERATING EVIDENCE ONE[1] WEEK ANTECEDING THE INCIDENT. CONSULS IGNORED THE 'IGNORED AND PIVOTAL INFORMATION SOURCE 1' AND 2.

O THE AC IGNORED THE ANALYSIS SUMMARY IN AUGUST 2017. LETTERS FROM THE APPELLANT EXCLAIMED THE AVAILABILITY OF EXONERATING ANALYSIS. THE IGNORANCE OF THE AC WAS DEPLORABLE. THE AC REFUSED TO CHANGE PATH FROM A FEE REVERSAL.

O CONSULS PREFERRED SUPERFICIAL INVESTIGATION THAT FIT THE INSUFFICIENT BILLING-HOURS OF THEIR HIGH VOLUME-LOW MARGIN BUSINESS MODEL. INVESTIGATION VALUE WAS NOMINAL. CASE-DAMAGE WAS PARADOXIC.

10 NO EXTRAPOLATED-EVIDENCE FROM SME'S

VIOLATIONS
TC ALL EXCEPT AM 1.
AC AM 5, 6.5, i4.2

O CONSULS IGNORED THE SME'S. THE TC ORDERED NO ANALYSIS OF THE 'IGNORED AND PIVOTAL INFORMATION SOURCE 2' OR THE PECULIAR SIDE DAMAGE OF THE WHITE CAR THAT WAS EMBOSS

ED BY A SHOE, THE GANG AFFILIATION OF ONE [1] PLAINTIFF OR HIS SUSPICIOUS CARGO OF YOUNG GIRLS WITH DIFFERENT LAST NAMES.

o EXASPERATED - SIME'S ACTED INDEPENDENTLY TO ANALYZE THE IGNORED AND PIVOTAL INFORMATION SOURCE 2.

o THE CONSULS FAILED MISERABLY. CONSECUTIVE OPPORTUNITIES TO EXONERATE OR DISCREDIT PLAINTIFFS AND WITNESSES WERE SQUANDERED, THE APPEARANCE WAS SABOTAGE.

o THE CAUSE WAS THE INSUFFICIENT 6-8 BILLING-HOURS OF THE HIGH VOLUME - LOW MARGIN BUSINESS MODEL. THE INSUFFICIENCY AND TREACHEROUS - CONSULS DOOMED ALL OPPORTUNITIES FOR VICTORY AND FREEDOM.

II. INEXPLICABLE DENIAL OF VIDEO EVIDENCE

VIOLATIONS
TC  ALL EXCEPT AM 1.
AC -

o THE VIDEO EVIDENCE WOULD EXONERATE THE DEFENDANT. THE INCIDENT WAS IN THE IDEAL FIELD OF VIEW AND RANGE TO ASCERTAIN INNOCENSE. THE "ADA" DENIED ALL VIDEO EVIDENCE OF THE DEFENDANT.

o THE ASTOUNDING ASPECT WAS THE SUSPECT COMPLICITY OF THE TC. THE APPEARANCE WAS COLLUSION.

o THE ENIGMA WAS TWO [2] CONSULS THAT HAD NO KNOWLEDGE OF A US SUPREME COURT RULING, "IT IS AN ABUSE OF DISCRETION TO DENY USE OF PUBLIC VIDEO WHEN PRESENTED PROPERLY FOR CRIMINAL CASES".

o THE DEFENDANT IMMEDIATELY STIPULATED. THE "BLISTER-MASK" TECHNIQUE IS UBIQUITOUS IN CRIMINAL CASES ACROSS THE NATION. THE TC WAS INDIFFERENT AND DEFERENTIAL.

o THE APPEARANCE WAS SABOTAGE. THE CAUSE WAS THE INSUFFICIENT 6-8 BILLING-HOURS. THE TC DID NOT WANT WANT TO EXPEND HOURS BELOW THE PROFIT MARGIN. EXPEDITIOUS CONVICTION IS VITAL FOR PROFITABILITY.

- THE [STATE] ADA DID NOT WANT TO EXPEND FOR VIDEO EXPERTISE. THE DEFENDANT STIPULATED THAT THE VIDEO EXPERTISE WAS INEXPENSIVE AND AVAILABLE ON THE INTERNET. THE TC IGNORED THE DEFENDANT.

- THE TC AND ADA APPARENTLY PREFERRED TO IGNORE THE EVIDENCE THEN EXPEDITIOUSLY CONVICT AN INNOCENT MAN SO THAT THE CITY WILL RECIEVE A NUMERATION FROM THE US DEPARTMENT OF CORRECTIONS.

- THE ENFORCEMENT - JUDICIAL - PRISON [LEGAL] NETWORK WAS TRANSFORMED INTO THE INCOME GENERATION NETWORK SINCE TAX REVENUE PLUMMETED.

- THIS INCOME GENERATION MODEL COMPORTS WITH THE STATISTICALLY IMPOSSIBLE 97% CONVICTION RATE.

EFFECT OF SUSPICIOUSLY - INADEQUATE REPRESENTATION

1 FACTUAL ANOMALIES AND OMISSIONS MIS-DIRECTED

VIOLATIONS

TC ALL EXCEPT AU'I.
AC UMA EXCEPT AU'I.

- EXECUTIVES OF THE COURT WERE MIS-DIRECTED BY SUSPECT AND NUMERATED FACTUAL ANOMALIES AND OMISSIONS, EVIDENCE DISCOVERY WAS SUPERFICIAL AND INCOMPLETE.

- THE APPEARANCE WAS SABOTAGE INDUCED BY THE HIGH VOLUME-LOW MARGIN BUSINESS MODEL AND 6-8 BILLING-HOURS PER CASE.

  - TAKE-IN ERROR.
    - ONE [1] OUT OF FOUR [4] ARRESTED.
  - INVESTIGATOR DID NOT ANALYZE VIDEO.
    - CITY TRAFFIC CAMERA VIDEO.
  - DENIAL OF VIDEO EVIDENCE.
    - DISREGARDED US SUPREME COURT.
  - SIDE-ATTACK DAMAGE ON WHITE CAR.
  - NO DISCLOSURE OF INJURIES.
  - INCREDULOUS MEDICAL REPORTS.
    - HISTORICAL OR ANTECEDENT DATA.
    - WORK OR PLAY DAMAGE.
  - NO ANALYSIS OF VERBAL STATEMENTS.

- ○ INSURANCE CLAIM REPS.
- ○ HOSPITAL STAFF.
- ○ DUBIOUS MEDICAL CLAIMS
- ○ PERMANENT BODY-DAMAGE OF DEFENDANT.
- ○ NO AGGRESSIVE EXAMINATION OF PLAINTIFFS AND WITNESSES.
- ○ DEFENDANT NEVER SAW A PLAINTIFF UNTIL 30 SECONDS BEFORE SENTENCING.
- ○ DEFENDANT HAS NEVER SEEN HIS CASE FILE.
- ○ THE GRAVITATION OF THESE FACTUAL ERRORS TO SENTENCE AND PENALTY ERRORS IS UNDENIABLE.

2. 400% IMBALANCE OF PENALTY ERROR.

VIOLATIONS
TC AM'S 5, 6, 5, 14, 2.
AC —

- ○ ANALYSTS AT US DOJ JUSTICE [US DOJ] HAVE A GRAPH. IT PROVES THAT A CONSIDERABLE NUMBER OF JUDGES SENTENCE IN THE 0-2 YEAR-SENTENCE AND VIOLATION QUADRANT.
- ○ INTERVIEWS INDICATE EXECUTIVES WHO SPECIFY THAT SENTENCE COMPORTS WITH CIRCUMSTANCE NOT A GUIDE-LINE.
- ○ ONE [1] EXAMPLE IS COUNT 9. A PROFESSIONAL ARMED-ROBBER RECIEVED A FOUR [4] YEAR PENALTY FOR THE FIFTH [5] VIOLATION.
- ○ THIS DEFENDANT RECIEVED A THREE [3] YEAR PENALTY WITH ZERO [0] PRECEDENTARY VIOLATIONS. THIS IS A 400% IMBALANCE.

3. DEFICIENT DAMAGE MANAGEMENT

VIOLATIONS
TC ALL EXCEPT AM 1.

- ○ THE TC DID NOT CESSATE A LAST MOMENT DISINGENUOSITY TESTIMONY. THE ASSASSINATION WAS DESIGNED TO DAMAGE - DAMAGE ESCALATED 300% FROM PROBATION FOR SIX [6] YEARS TO PRISON FOR THREE [3] YEARS IN ONE [1] MINUTE OF HYPERBOLIC DISINGENUOSITY.
- ○ THE DEFENDANT NEVER SAW THE PLAINTIFF,

25/27

WITNESSED AN EXAMINATION OR HAD THE OPPORTUNITY TO DISPUTE PLAINTIFF TESTIMONY OR OUT OF COURT STATEMENTS.

o THE APPEARANCE OF THE TC' ABILITY WAS A VOID OF PREPARATION AND TACTICAL ABILITY.

o THE UNILATERAL - DESTRUCTIVE CHARACTERISTIC OF THIS CRUCIFICTION INCEPTED WITH THE PROSECUTION ABUSING DISCRETION TO DENY ALL VIDEO EVIDENCE REGARDLESS OF THE US SUPREME COURT RULING UNTIL THE LAST MOMENT OF THE ASSASSINATION - TESTIMONY.

o CONDEMNING - EVIDENCE AND CRITICAL TESTIMONY OF SME'S WAS SQUANDERED OVER NINE [9] SUFFERABLE MONTHS AS THE TC' FAILED MISERABLY AND SUSPICIOUSLY TO SCORE A SOLITARY POINT FOR HIS IMPOTENT DEFENSE.

4 | SABOTAGE OF CASES

VIOLATIONS
TC  ALL.
AC  'AM' 5, 6>5, 14>2, UMA.

o THE TC IMPERFORMED DUE TO THE BUSINESS MODEL. THE HIGH VOLUME - LOW MARGIN MODEL REQUIRES THE MANAGEMENT OF NUMEROUS CASES AT THE SAME STATE MULNERATION. 6-8 BILLING HOURS PER CASE IS INSUFFICIENT TO PROVE INNOCENSE.

o THE RESULT IS 97% OF CITIZENS GO TO PRISON. THE INSATIABLE APPETITE OF THE ENFORCEMENT - JUDICIAL - PRISON NETWORK FORCES THE CONVICTION RATE TOWARD 100%.

o CONSUS IGNORE THE INHUMANITY AND SACRIFICE OF CITIZENS IN EXCHANGE FOR THE $400 - 600 PER HOUR EQUILIBRIUM.

o PENALTY - REDUCTION INSTEAD OF DUE PROCESS CONTINUES INDEFINITELY TO FEED THE INSATIABLE GOVERNMENT NETWORK WHILE IT CONSUMES THE CITIZENS. ATTICUS FINCH IS NON-EXISTANT.

26/27

# MOTION OF APPELLANT FOR DISCRETIONARY REVIEW

02.17.00125.CR.    02.17.00126.CR.

## PRAYER

THE APPELLANT PRAYS IN THE NAMES OF GOD AND JESUS CHRIST IN HEAVEN ABOVE FOR THE EXECUTIVES OF THE COURT OF APPEALS TO GRANT THIS MOTION.

## SUBMISSION

SEMPER FIDELIS AD RES PUBLICA

MARVIN THOMAS

MARVIN BRIGHT THOMAS

100 N. LAMAR ST. #888125
FT. WORTH, TX 76196

27/27



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00125-CR
### NO. 02-17-00126-CR

MARVIN BRIGHT THOMAS                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1464244D, 1464246D

----------

## MEMORANDUM OPINION[1] AND JUDGMENT

----------

We have considered the "State's Motion to Dismiss Appeals as Moot" and appellant Marvin Bright Thomas's response in which he agrees that his appeals are moot and that dismissal is appropriate. We grant the motion and dismiss both appeals as moot. *See* Tex. R. App. P. 43.2(f); *Ex parte Morgan*, 335 S.W.2d 766, 766 (Tex. Crim. App. 1960).

---

[1]*See* Tex. R. App. P. 47.4.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  SUDDERTH, C.J.; KERR and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 18, 2018

2

LEGAL MAIL

DALLAS TEXAS
DALLAS 750
21 FEB "18
PM 3 L

LEGAL MAIL

JAIME ST #888125
FTW, TX 76196

JUDGE ELIZABETH KERR
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
401 W. BELKNAP, SU 9000
FT. WORTH, TX 76196

FOREVER
USA
Barn Swallow

LEGAL MAIL

RECEIVED

FEB 23 2018

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

FIRST-CLASS MAIL

NEOPOST
02/28/2018
US POSTAGE $001.10⁰

ZIP 76196
041M10265304



FIRST-CLASS MAIL

NEOPOST
02/28/2018
US POSTAGE $001.10⁰

ZIP 76196
041M10265304



Court of Appeals
Second District of Texas
401 W. Belknap, Suite 9000
Fort Worth, Texas 76196

CLERK, COURT OF CRIMINAL APPEALS
SUPREME COURT BUILDING
201 W. 14TH STREET, RM. 106
AUSTIN, TX 78701